(31 Misc. Rep. 109.)

SMITH v. SMITH.

(Supreme Court, Special Term, New York County.   April, 1900.)

1. EQUITY—JURISDICTION—PARTNERSHIP—FUNDS—ADMINISTRATOR OF DECEASED PARTNER—ACTION.

Where a surviving partner, who was also administratrix of the deceased partner's estate, brought an action against the administrator of such de- ceased partner, to recover a sum of money which had been deposited in the bank by the deceased to his individual credit, on the ground that it belonged to the partnership, a court of equity has jurisdiction, since it involves the settlement of the partnership affairs; and the surrogate's court has not exclusive jurisdiction, though the action is against the ad- ministrator of an estate.

2. SAME—ACCOUNTING—REFERENCE.

Where, in an action by a surviving partner against the administrator of the deceased co-partner to recover money alleged to be partnership funds, such accounting will involve a large number of items, it is proper that a referee should be appointed.

Action by Ellen M. Smith, individually and as administratrix, against John P. Smith, administrator.   Motion by plaintiff for the appointment of a referee.   Motion granted.

Dunphy & Pearsall, for the motion.

George M. Osgoodby, opposed.

BEEKMAN, J.   As appears from the complaint, a co-partnership ex- isted between the plaintiff and one Patrick J. Smith, which was dis- solved by the death of the latter.   Letters of administration were taken out upon his estate by the plaintiff and the defendant.   At the time of his death the decedent had an account in the Irving National Bank in his individual name, with a balance to his credit of $1,011.07. This balance was withdrawn by the two administrators, and was im- mediately redeposited by them with said bank to the credit of them- selves as such administrators, under an arrangement by which neither could draw thereon without the signature of the other.   The decedent seems to have had charge of the finances of the co-partnership, and, ap-

parently with the sanction of the plaintiff, all the firm moneys were deposited by him to the credit of his individual bank account with the above-mentioned bank. The plaintiff, in her capacity as surviving partner, now claims the above-mentioned balance, on the ground that it wholly represents co-partnership property, and that, as such survivor, she is entitled to its possession and control for the purpose of closing up the affairs of the concern. This action is brought to enforce this claim. All of the facts above mentioned seem to be admitted, except the averment with respect to the deposit of firm moneys by the decedent to his individual credit, and the assertion that the balance in question is firm property, both of which allegations are put in issue. This motion is made for a reference on the ground that the trial of the action will involve the examination of a long account. The correct theory, I think, which must control the disposition of this action, is that it is one in equity, involving an accounting with respect to the co-partnership, and the complaint contains sufficient averments to support it on that ground. Upon the decease of Patrick J. Smith the partnership was dissolved by operation of law, and the duty devolved upon the plaintiff, as surviving partner, to wind up its affairs, and to that end the legal title to the co-partnership assets vests in such survivor, which, so far at least as third parties are concerned, is absolute. But the claim is not made against a third party, but against the personal representatives of the deceased partner, growing out of a transaction between the partners themselves, and which was a matter of account between them. The general rule is that, so long as the accounts of a co-partnership are unsettled, no action at law can be brought by one partner against the other to recover a sum of money claimed to be due to him as his share of the co-partnership property. His only remedy is to bring an action for an accounting, and to have the amount of his distributive share ascertained and determined. The rule is substantially the same where the claim exists as between the survivor and the representatives of the deceased partner. In both cases the matter is one of equitable cognizance. In section 1421, Pom. Eq. Jur., the rule is correctly laid down as follows:

"The equitable jurisdiction is also practically exclusive in proceedings for an account and settlement of partnership affairs, including suits for an accounting and settlement of the firm affairs between the co-partners themselves; suits for a settlement of the firm affairs between the survivors and the executors or administrators of the deceased, where a partner has died; and suits to settle the affairs of an insolvent firm, and to adjust the demands of the firm creditors and the creditors of the individual partners."

It will thus be observed that the question as to whether there is an indebtedness on the part of the decedent's estate to the firm, or whether the moneys so on deposit are impressed with a trust in favor of the plaintiff, should be determined in an action in equity. It also appears that the taking of an account will be necessary on the trial of the action. If it should turn out that all of the debts of the partnership are paid, the court, in its judgment, would undoubtedly require the payment by the defendant of only so much of the amount claimed as might.be necessary and proper to apply on account of her distributive share of the co-partnership property, as the same shall have been

ascertained on the accounting. If the debts have not been paid, the decree would be molded accordingly, and proper directions given in view of that fact.

The chief contention on the part of the counsel for the defendant is that the claim made by the plaintiff is one which is properly cognizable in the surrogate's court, because it is one which is made by an administrator against the estate which she represents. The rule in such a case does not, I think, apply to the state of facts shown here. Whether there is a debt or not on the part of the deceased must depend, I think, upon the issue of the accounting; and such an accounting, involving partnership transactions, has been said to be not within the purview of the surrogate's court. Thomson v. Thomson, 1 Bradf. Sur. 24. At all events, whatever the powers of the surrogate's court may be, they are not exclusive of the jurisdiction which I think it is plain this court has in such cases as this. The fact that the money has been transferred to a new account in the name of both parties as administrators does not affect the right of the plaintiff to institute this action. As the papers show that such accounting will involve a large number of items, it is proper that a reference should be had, and the motion is therefore granted, but without costs.

Motion granted, without costs.

